# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON (SOUTHERN DIVISION)

| | |
|---|---|
| ART HARDWARE, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SYSTEMATIC ART INC. )<br>)<br>Defendant. )<br>) | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Art Hardware, LLC ("Plaintiff") brings this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, for a declaratory judgment and other relief against Defendant Systematic Art Inc. ("Defendant"), and alleges as follows:

## PARTIES

1. Plaintiff is a limited liability company organized under the laws of Nevada with a principal place of business at 44 Darlington Ave., Wilmington, NC 28403, and is doing business in this State and District.

2. On information and belief, Defendant is a New York corporation having a principal place of business at 1 Bond St., Ste. 4B, New York, NY 10012, and is doing business in this State and District.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337(a), 1338(a) and (b), and 1367.

4. This Court may declare the rights and other legal relations of the parties in this case pursuant to 28 U.S.C. § 2201, N.C. Gen. Stat. § 1-253, and Federal Rule of Civil Procedure 57, because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendant.

5. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4.

6. On information and belief, Defendant has regularly and intentionally conducted business in this State and District and is subject to personal jurisdiction in this State and District by virtue of its contacts here.

7. On information and belief, Defendant has conducted business in this State and District by, *inter alia*, offering for sale and selling products and otherwise engaging in business activities within this State and District.

8. On information and belief, Defendant's products are offered for sale to customers residing in this State and District.

9. Defendant, through its counsel, alleged in a letter to Plaintiff dated January 18, 2023, that Defendant "advertises and promotes [Defendant's Sailors – (Self Gripping) Picture Hook] throughout the country," which includes this State and this District.

10. Venue is proper in the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391. Plaintiff is located in this District, a substantial part of the events giving rise to Plaintiff's claims occurred in this State and District, and Defendant is subject to personal jurisdiction in this State.

11. A justiciable controversy exists between the parties because Plaintiff is informed and believes that Defendant has claimed and intends to enforce copyright rights and trademark rights and against Plaintiff.

**FACTUAL BACKGROUND**

12. Plaintiff specializes in professional hardware for hanging pictures. Plaintiff's primary website is located at the domain name <picturehangsolutions.com>.

13. On information and belief, Defendant offers art and picture hanging systems for homes, offices, galleries and museums. Upon information and belief, Defendant's website is located at the domain name <systematicart.com> ("Defendant's Website").

14. Defendant, through counsel, alleged in a letter to Plaintiff dated January 18, 2023, that Defendant owns copyright rights and trademark rights to a self-gripping picture hook, denoted the "Sailors – (Self Gripping) Picture Hook" on Defendant's Website ("Defendant's Product"), and that Plaintiff's sale of Plaintiff's "Self Grip Adjustable J Hook" ("Accused Product") infringes Defendant's alleged copyright rights and trademark rights. *See* Exhibit A.

15. By virtue of Defendant's demand letter, Plaintiff stands accused of copyright infringement under "copyright laws," 17 U.S.C. § 501 *et seq.*, and trademark infringement, false designation of origin, dilution, and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

16. Defendant threatens Plaintiff's business in this State and this District by challenging Plaintiff's right to sell the Accused Product, including in this State and this District.

17. Defendant owns no valid or enforceable copyright rights in Defendant's Product because Defendant's Product is useful article and there are no features that can be perceived as a

two- or three-dimensional work of art separate from the useful article and that would qualify as a protectable pictorial, graphical, or sculptural work, either on its own or fixed in some other tangible medium of expression, if it were imagined separately from Defendant's Product.

18. Defendant owns no valid or enforceable trademark rights to Defendant's Product because Defendant's Product constitutes matter that, as a whole, is functional.

19. Section 2(e)(5) of the Lanham Act, 15 U.S.C. §1052(e)(5), prohibits registration on the Principal Register of "matter that, as a whole, is functional."

20. Section 2(f) of the Lanham Act, 15 U.S.C. §1052(f), provides that matter that, as a whole, is functional may not be registered even on a showing that it has become distinctive.

21. Section 23(c) of the Lanham Act, 15 U.S.C. §1091(c), provides that a mark that, as a whole, is functional may not be registered on the Supplemental Register.

22. Defendant's Product is not inherently distinctive and is not capable of acquiring distinctiveness, as required to establish trademark rights.

23. Accordingly, on information and belief, Defendant has not violated any purported rights of Plaintiff, and is not liable to Plaintiff for copyright infringement, trademark infringement, false designation of origin, dilution, unfair competition or any other federal, state, or common-law causes of action, in law or in equity, in this State and this District.

24. There is an actual and substantial controversy between Plaintiff and Defendant of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. The allegations against Plaintiff cause uncertainty as to Plaintiff's rights on a going forward basis, likely leading Plaintiff to lose revenues and/or business opportunities.

**CLAIM FOR RELIEF: DECLARATORY JUDGMENT AS TO PURTPORTED COPYRIGHT RIGHTS AND TRADEMARK RIGHTS**

25. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

26. This is an action for declaratory judgment under 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between the parties.

27. There is a real, substantial, and justifiable issue in controversy between the parties regarding Defendant's purported copyright rights and trademark rights and Plaintiff's rights to continue selling the Accused Product in this State and this District.

28. Plaintiff is entitled to a judgment declaring that Defendant owns no valid or enforceable copyright rights or trademark rights in Defendant's Product; that Plaintiff has not violated any purported copyright rights of Defendant in this State under any federal law; that Plaintiff has not violated any purported trademark rights of Defendant in this State under any federal, state, or common law; and that Plaintiff is not liable to Defendant for any claims based upon Plaintiff's sale of the Accused Product in this State, including any claim of copyright or trademark infringement.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays the Court to enter a judgment:

A. Declaring that Plaintiff has not infringed or otherwise violated any purported rights of Defendant in Defendant's Product in this State, including any provisions of 17 U.S.C. § 101 *et seq.*, the Lanham Act (including 15 U.S.C. § 1125) or any other asserted federal, state, or common laws; and

B. Granting Plaintiff its costs and awarding Plaintiff its reasonable attorneys' fees and other litigation expenses, together with such further legal and equitable relief as the Court may deem just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 31, 2023	Respectfully submitted,

*/s/ J. Mark Wilson*
J. Mark Wilson
N.C. State Bar No. 25763
Samuel C. Merritt
N.C. Bar. No. 47945
MOORE & VAN ALLEN, PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
Email: markwilson@mvalaw.com
           sammerritt@mvalaw.com


*Attorneys for Plaintiff Art Hardware, LLC*